## 4493.　GLISSON v. MOORE.

RUSSELL, J.　1. A claim was interposed to a levy upon personal property, and the levying officer failed and neglected to return the fi. fa. and claim papers to the proper term of the court to which by statute he was required to make return. The claimant, shortly before this term of the court, went to the court-house and inquired of the clerk and the sheriff as to whether this fi. fa. and the levy and claim had been returned, and ascertained that they had not been returned or filed. The sheriff kept the claim papers and the fi. fa. in his possession for over a year and a half, until seven terms of the court had elapsed from the term to which the papers should have been returned, and then filed the fi. fa. and the claim. *Held*, that the claimant, having used due diligence and ascertained that the papers had not been returned, had the right to presume that the levy had been abandoned, or that a settlement had been reached between the defendant in fi. fa. and his·judgment creditor, in court, at the term of the court to which the claim papers should have been returned; and it was error, in the absence of the claimant, to permit the plaintiff in fi. fa. to tender issue in the claim case and proceed with the trial, and to obtain a verdict and a judgment finding the property subject to the fi. fa. The only judgment which could have been rendered under these circumstances would have been one dismissing the claim.

2. The verdict and judgment so rendered in the claim case, as above stated, should have been set aside by the court in which they were rendered, on a motion for that purpose, made by the claimant during the term at which they were rendered.　　　*Judgment reversed.*

　　　DECIDED FEBRUARY 11, 1913.

Motion to set aside judgment; from city court of Swainsboro— Judge H. R. Daniel. September 26, 1912.

*B. B. Blount, Hines & Jordan,* for plaintiff in error.

*A. L. Hatcher,* contra.

HILL, C. J., dissenting. Where a levy is made on personal property and a claim is interposed, it is the duty of the levying officer to return and file the claim papers and the execution, with the entries thereon, at the next term of the court from which the execution issued. Civil Code (1910), § 5167. On failure or refusal of the levying officer to do so, it is the right of either the plaintiff in fi. fa. or the claimant to rule the officer for such breach of his duty, both parties being interested in the proper disposition of the claim case. *Cottle* v. *Dodson,* 25 *Ga.* 633. If both the plaintiff in fi. fa. and the claimant acquiesce in this neglect of duty by the levying officer, and the officer subsequently returns the claim papers, with the execution, to the proper court, and the claim case is called for trial, and the claimant fails to appear and prosecute his claim, the plaintiff in fi. fa. may, at his election, have the claim dismissed, or may tender issue on the claim and submit his evidence, and the verdict and judgment rendered thereon should not subsequently be set aside at the instance of the claimant. *Royce* v. *Small,* 94 *Ga.* 677 (20 S. E. 12).